IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN H. BYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-696-RAH-KFP |
| | ) |
| MAGGIE ADAMS 1, an Alabama Business Trust, | ) |
| | ) |
| Defendant. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of Defendant's Motion to Dismiss (Doc. 20), the undersigned RECOMMENDS that Defendant's motion be GRANTED and this case be DISMISSED, as set forth below.

### I.  PROCEDURAL HISTORY

Pro se Plaintiff Steven Byle filed his initial Complaint (Doc. 1) against Defendant Maggie Adams 1 ("the Trust") in the Middle District of Alabama, to which Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction (Doc. 7). The undersigned recommended the District Court grant Defendant's Motion to Dismiss. Doc. 13. Shortly thereafter, Plaintiff filed an Amended Complaint and Memorandum in Support of Motion to Amend Complaint (*see* Docs. 14 & 16), to which Defendant filed a Motion to Strike (Doc. 15). After holding a hearing on the motions, the Court construed Plaintiff's Memorandum in Support of Motion to Amend Complaint as a Motion for Leave to Amend

and granted it. Doc. 19. As such, the Court denied Defendant's Motion to Strike as moot and withdrew its Report and Recommendation. *Id.*

Defendant then filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 20), to which Plaintiff responded with a Motion for Leave to Serve Limited Discovery (Doc. 24) and a Motion for Partial Summary Judgment (Doc. 25). Nearly four months elapsed without Plaintiff filing a response to Defendant's Motion to Dismiss. Accordingly, the Court ordered Plaintiff to file a response and denied Plaintiff's Motion for Partial Summary Judgment as premature. Doc. 26. Plaintiff subsequently filed a Response to Defendant's Motion to Dismiss the Amended Complaint. Doc. 28.

## II.   BACKGROUND

Monty Ervin is the co-settlor of the Trust, an Alabama business trust. *See* Doc. 14 ¶ 8. Between September 1997 and March 2020, Mr. Ervin served as the Trust's business manager and trustee. Doc. 14 ¶ 15. In September 1997, Mr. Ervin and his then-spouse, Patricia Ervin, named themselves the Trust's beneficial interest holders and subsequently transferred that interest to their children, Dale Anthony Ervin and Staci Ervin Hartzog. *Id.* Next, Mr. and Mrs. Ervin created around 50 subordinate trusts, named themselves beneficial interest holders, then transferred that interest to the Trust. Doc. 14 ¶ 10. One of these subordinate trusts is called "Sandy Bottoms Investments" ("SBI"). Doc. 14 ¶ 13.

In 2011, Mr. and Mrs. Ervin were indicted in the Middle District of Alabama for failing to pay taxes on the trusts' income. Doc. 14 ¶ 11. In February 2013, Mrs. Ervin, Dale Ervin, and Staci Hartzog filed suit to remove Mr. Ervin as trustee in the Circuit Court of

Houston County, Alabama. Doc. 14 ¶ 16.[1] In May 2014, while the removal litigation was still pending, Mr. Ervin attempted to "'transfer[]' fifty units of beneficial interest of each of forty-seven subordinate trusts," including SBI, to Jean Adams Dean. Doc. 14 ¶ 17. After years of litigation, on March 5, 2020, the Circuit Court of Houston County granted summary judgment for Dale Ervin, Staci Hartzog, and Patricia Ervin, removing Mr. Ervin as trustee. On August 3, 2021, Ms. Dean sent the Trust a demand letter requesting $64,000 for the reimbursement of legal fees she paid on behalf on Mr. Ervin in the unsuccessful defense against the suit to remove him as trustee. Doc. 14-5. Less than one month later, Ms. Dean assigned to Plaintiff the following:

> all right, title and interest to the causes of action listed in any action to (1) recover monies paid for Monty Ervin to defend litigation brought against him while he was purportedly the Trustee of Maggie Adams 1[;] . . . (2) any action to determine who is the rightful owner of the beneficial interest of numerous trusts created by Monty Ervin and Patricia Ervin which were initially transferred to Maggie Adams 1 and later transferred by Monty Ervin to Jean Adams Dean; and (3) Any other claim she may have against Maggie Adams 1[.]

Doc. 14-1. In light of this assignment, Plaintiff now seeks declaratory judgment that Mr. Ervin's 2014 transfers to Ms. Dean were valid, reimbursement of the $64,000 in legal expenses Ms. Dean paid on Mr. Ervin's behalf, and supplemental relief. *See* Doc. 1.

---

[1] The Court obtained relevant information regarding this lawsuit, bearing Case No. 2013-900124, from the state court entries for the Circuit Court of Houston County, Alabama, as maintained by the Alabama Trial Court System and hosted at www.alacourt.com. The Court takes judicial notice over the public records in this case. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citation omitted).

## III.     DISCUSSION

Defendant seeks dismissal because (1) the Court lacks subject matter jurisdiction; (2) Plaintiff lacks standing; (3) the statute of limitations bars a portion of Plaintiff's request for reimbursement; and (4) the Amended Complaint fails to state a claim.[2] Although there may be other grounds for dismissal, the Court's preliminary concern is subject matter jurisdiction. *See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) ("As a threshold matter, we must determine whether this action properly was brought in federal court.").

### A.     The Court lacks subject matter jurisdiction.

Federal district courts are courts of limited jurisdiction and are authorized to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted) (courts must "strictly construe the statutory grant of diversity jurisdiction . . . [and] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"). "It is to be presumed that a case lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

---

[2] Defendant's motion also states, "The action is barred in whole or in part by res judicata" but provides no further discussion of the issue. Doc. 20. It is not enough to merely mention a ground for dismissal—the Defendant had an obligation to articulate its argument. *See Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("the onus is upon the parties to formulate arguments"). Because Defendant failed to develop its res judicata argument, the Court will not address it. *See McMaster v. U.S.*, 177 F.3d 936, 940–41 (11th Cir. 1999) (noting that court may consider claim abandoned where party listed claim but failed to present any argument regarding claim).

Plaintiff seeks to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 14 ¶ 5. Diversity jurisdiction requires both that (1) the parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff claims the parties are citizens of different states: Plaintiff is a resident of Florida and the Trust has its principal place of business in Alabama. Doc. 14 ¶ 5. Additionally, Plaintiff argues his claim for $64,000 combined with his unspecified claim for declaratory relief satisfies the amount-in-controversy requirement. *Id.*; Doc. 28 at 9–10. However, Defendant argues Plaintiff has not satisfied either of § 1332's requirements because Ms. Dean's assignment to Plaintiff was part of a collusive scheme to create federal jurisdiction, and Plaintiff did not prove the amount in controversy exceeds $75,000. Doc. 20 at 6–8, 10–12.

Even if Ms. Dean's assignment were proper, Plaintiff has failed to satisfy the amount-in-controversy requirement. In making this determination, the Court assessed the combined value of Plaintiff's claim for monetary and declaratory relief. *See Exxon Mobil Corp.*, 545 U.S. at 585; *Hardy v. Jim Walter Homes, Inc.*, No. CIV A 06-0687-WS-B, 2007 WL 1889896, at *4 (S.D. Ala. June 28, 2007) (holding "the amount in controversy in this action is properly computed as the sum of the value of the damages claim and the value of the declaratory judgment claim"). While generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal[,]" *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), where the plaintiff pleads indeterminate damages, "the 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it bases jurisdiction meets the jurisdictional minimum."

*Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072–77 (11th Cir. 2000)). Cases involving claims for both determinate and indeterminate damages require different burdens of proof: for the determinate damages, the legal certainty standard applies; for the indeterminate damages, the preponderance standard applies. *See, e.g.*, *Ellis v. Warner* No. 15-10134-CIV-GOODMAN, 2017 WL 634287, at *14 (S.D. Fla. Feb. 16, 2017).

Plaintiff seeks $64,000 and unspecified declaratory relief.[3] Even considering the combined value of both claims, Plaintiff has not satisfied the amount-in-controversy requirement.

### 1. Plaintiff's request for $64,000 is insufficient to satisfy the amount-in-controversy requirement.

"A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *See Federated Mut. Ins. Co.*, 329 F.3d at 807 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). A court may not dismiss the case unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288). "The inability of a plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith . . . [n]or does the fact

---

[3] Plaintiff also reserved the right to seek supplemental relief based on a declaratory judgment. Doc. 14 at 7; *see also* 28 U.S.C. § 2022 (a court my award "[f]urther necessary or proper relief" based on a declaratory judgment). However, this potential claim for future supplemental relief has no bearing on the Court's amount-in-controversy analysis. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–16 (11th Cir. 2014) ("What counts is the amount in controversy at the time of removal. . . . Potential developments . . . are irrelevant to the jurisdictional analysis.") (citations omitted).

that the complaint discloses the existence of a valid defense to the claim." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289.

Count 2 of Plaintiff's Complaint seeks "64,000.00 in legal bills and expenses" Ms. Dean paid on behalf of Mr. Erwin in "the case of *Dale Anthony Ervin, Staci Hartzog, and Patricia Ervin v. Monty Wayne Ervin*." Docs. 14 at 6–7; 14-5. At this stage, the Court will not consider the likelihood of Plaintiff's ability to recover this amount—the Court is required to accept Plaintiff's allegations as true. *St. Paul Mercury Indem. Co.*, at 289. But a claim for $64,000 by itself does not satisfy the amount-in-controversy requirement. Thus, to establish the amount in controversy exceeds $75,000, Plaintiff had to show that declaratory relief is worth more than $11,000. *See Exxon Mobil Corp.*, 545 U.S. at 585; *Hardy*, 2007 WL 1889896, at *4.

  **2. The value of declaratory relief is too speculative to satisfy the amount-in-controversy requirement.**

When valuing declaratory relief, the Eleventh Circuit has adopted the "plaintiff's viewpoint rule" wherein declaratory relief is measured by the value of the benefit that would flow to the plaintiff if declaratory relief were afforded. *Cohen*, 204 F.3d. at 1069. While a plaintiff does not have to place a specific monetary value on the relief, the value cannot be "'too speculative and immeasurable' to establish the requisite amount in controversy[.]" *Id.* at 1077 (quoting *Ericsson GE Mobile Commc'ns, Inc.*, 120 F.3d at 221–22); *Hardy*, 2007 WL 1889896, at *5 (citing *Mitchell v. GEICO*, 115 F. Supp. 2d 1322, 1327 (M.D. Ala. 2000)).

The Court's initial task is to determine the value that will flow to Plaintiff if it grants declaratory relief. *Cohen*, 204 F.3d at 1069. Plaintiff requests the Court declare that Mr. Erwin's 2014 "transfers" to Ms. Dean were valid and that Plaintiff, via Ms. Dean's assignment, is entitled to the transfers' beneficial interest. Doc. 14 at 9. Thus, if the Court grants declaratory relief, Plaintiff will be entitled to the value of Mr. Ervin's 2014 transfers.

Next, the Court must determine the value of the declaratory relief to ascertain whether Plaintiff proved by a preponderance of the evidence the value of declaratory relief, combined with Plaintiff's claim for money, satisfies the amount-in-controversy requirement. *See Federated Mut. Ins. Co.*, 329 F.3d at 807–08; *see also SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1248 (S.D. Ala. 2010) (preponderance-of-the-evidence standard applied to claim for declaratory judgment because "a declaratory judgment plaintiff does not seek damages at all and thus does not seek a determinative amount of damages"). The Amended Complaint states that in 2014, Mr. Erwin "'transferred' fifty units of beneficial interest of each of forty-seven subordinate trusts," including SBI, to Ms. Dean. Doc. 14 at 4. Thus, the Court must deduce whether Plaintiff proved by a preponderance of the evidence that 50 units of each of the 47 trusts—a total of 2,350 units—is worth more than $11,000 to satisfy the jurisdictional deficiency.

Plaintiff's Amended Complaint is devoid of any details enabling the Court to value these transfers. Similar to shares of stock in a corporation, "[a] share in a business trust is one of the proportionate parts or units into which the whole beneficial interest in the trust estate is divided." 16A Fletcher Cyc. Corp., *Business and Investment Trusts and Associations* § 8242 (2022); *see also Hecht v. Malley*, 265 U.S. 144, 147–48 (1924)

8

(certificates of beneficial interest "resemble certificates for shares of stock in a corporation[,] are issued and transferred in the like manner[,] [and] entitle the holders to share ratably in the income of the property[.]"); *In re Treasure Island Land Tr.*, 2 B.R. 332, 334 (Bankr. M.D. Fla. 1980) ("The 'beneficial interests' are very much like shares in that they are equal in value, held by a large number of people in varying amounts, and are transferrable."). Like shares of corporate stock, the value of beneficial interest depends on the total amount at issue. *See, e.g.*, *Hecht*, 265 U.S. at 147–48 (some shares of business trusts were one-thousandths of the beneficial interest; others were ninety-six thousandths of the beneficial interest). Without any information as to the total amount of units in each subordinate trust, the Court cannot decipher the individual value of each unit.[4]

Plaintiff believes he has satisfied the amount-in-controversy requirement based on his claim that *one* of the 47 trusts from which Mr. Erwin transferred units of beneficial interest was *at some point* valued at $529,900. Docs. 14 at 4, 28 at 9. He argues, "In Plaintiff's [A]mended [C]omplaint, [Plaintiff] cites property value records from Houston County which demonstrate the values of properties well in excess of the jurisdictional

---

[4] At Mr. Ervin's 2012 sentencing hearing, the District Court found that Mr. Ervin was a sovereign citizen. *See* Transcript of Part I of II of Sentencing at 122, *U.S. v. Ervin et al.*, No. 1:11cr7-MHT-WC-2 (M.D. Ala. 2012) ("The Court finds that his testimony at trial, in particular his testimony that he was not a Sovereign Citizen, was false. It was intentionally false, willfully false. It was pure perjury."). The Court takes judicial notice over this public record. *See Universal Express, Inc.*, 177 F. App'x at 53 (citations omitted). Mr. Ervin's status as a sovereign citizen further complicates this Court's valuation because sovereign citizens often subscribe to alternative forms of currencies. *See, e.g.*, *United States v. Williams*, 29 F.4th 1306, 1308 (11th Cir. 2022) ("Sovereign citizens view the [United States Government] as bankrupt and without tangible assets; therefore, the [United States Government] is believed to use citizens to back US currency. Sovereign citizens believe the [United States Government] operates solely on a credit system using American citizens as collateral.") (citing Federal Bureau of Investigation, *Sovereign Citizens: An Introduction for Law Enforcement*, 3 (Nov. 2010), https://info.publicintelligence.net/FBI-SovereignCitizens.pdf). Indeed, Plaintiff's reference to "units" calls into question both the nature and value of the components at issue.

amount owned by only one of Defendant[']s forty-seven sub-entities." Doc. 28 at 9. But the benefit that would flow to Plaintiff is not the full value of each of the 47 subordinate trusts; instead, it is the combined value of *fifty shares of each of the 47 trusts*. *See Strickland v. Merscorp, Inc.*, No. 2:14-1040-DCR, 2016 WL 6143165, at *4 (M.D. Ala. Oct. 20, 2016) (where plaintiffs sought declaratory judgment that mortgagee did not have rights to foreclosure and mortgage was void, the value of declaratory relief was not the value of the property because "[t]here [was] no indication . . . that the property value, or any percentage of it, represents the value that would 'flow to the plaintiffs' should they succeed in obtaining the relief sought"). There is no indication the full value of SBI would flow to Plaintiff if the Court grants declaratory relief. The Amended Complaint only requests that the Court declare that Plaintiff is the beneficial interest holder of 50 units of SBI—not that the Court declare him the rightful owner of SBI in its entirety. While a percentage of SBI could flow to Plaintiff if the Court grants declaratory relief, the Amended Complaint gives no indication as to the value of that percentage.

The only other information that *might* speak to value is Plaintiff's statement that "On September 5, 1997, [Mr. Erwin] jointly transferred [21] silver dollars in exchange for a certificate of one hundred capital units and 'the right to direct the initial issuance of all said capital units.' He and . . . [Mr. Ervin] named themselves as the first certificate of beneficial interest holders. Two days later, they transferred the beneficial interest to their minor children[.]" Doc. 14, ¶ 8; *see also* ¶ 10. However, this information provides no insight as to the value of Mr. Ervin's 2014 transfers at issue. It merely shows that nearly

10

20 years before the transfers in question, Mr. Ervin *jointly* exchanged 21 "silver dollars" in exchange for 100 "capital units." *Id.*

Plaintiff's failure to include facts regarding the value of the 2,350 units at issue is detrimental to establishing jurisdiction. The omission leaves the Court with no choice but to speculate as to the value of each unit—a practice in which the Court cannot partake. *See Cohen*, 204 F.3d. at 1077 (quoting *Ericsson GE Mobile Commc'ns, Inc.*, 120 F.3d at, 221–22); *Hardy*, No. 06-0687-WS-B, 2007 WL 1889896, at *5 (citing *Mitchell*, 115 F. Supp. 2d at 1327). Because Plaintiff has not shown that he satisfied the amount-in-controversy requirement by a preponderance of the evidence, the Court lacks subject matter jurisdiction. *See Hardy*, 2007 WL 1889896, at *3 (S.D. Ala. June 28, 2007) (citing *Morrison*, 228 F.3d at 1261) ("[M]ere diversity is not sufficient; rather, 'the court is obligated to assure itself that the case involves the requisite amount in controversy.'").[5]

### B.  Plaintiff is not entitled to jurisdictional discovery.

In response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff requests jurisdictional discovery. *See* Doc. 24 at 1. The district court generally has discretion to grant discovery. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215–16 (11th Cir. 2007). "[F]ederal courts should order limited jurisdictional discovery where the information the plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, No. 13-13711, 579 F. App'x 779, 790 (11th Cir. 2014). Importantly, "[s]uch discovery requests should not serve as fishing expeditions and are

---

[5] Because the Court is without jurisdiction, it need not address Defendant's remaining arguments for dismissal. *Steel Co. v. Citizens for a Better Env'tr*, 523 U.S. 83, 94 (1998).

therefore only appropriate when a party demonstrates that it can supplement its allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017); *Nygård v. DiPaolo*, 753 F. App'x 716, 721–22 (11th Cir. 2018).

The Court's initial concern is whether Plaintiff seeks jurisdictional discovery to obtain information that would give rise to jurisdiction or whether he seeks unrelated information. Plaintiff argues that he needs jurisdictional discovery to determine whether the Trust is an Alabama business trust. Specifically, he claims jurisdictional discovery

> would allow [him] to prove once and for all, that the pronouncements from the Probate Court of Houston County and the Alabama Secretary of State are correct – that there is no such entity as Defendant – notwithstanding defense counsel's unsupported statement to the contrary. The proposed discovery is also designated to determine what type of entity Defendant is, so that Plaintiff can reform his complaint stating a proper defendant.
>
> Until such time as the Court finds two legal entities with a dispute – it has no case and controversy to consider.

Doc. 24 at 7 (emphasis in original). Plaintiff's proposed discovery requests seeking discovery on whether the Trust is an Alabama business trust (*see* Doc. 24-1) do not seek jurisdictional information. This is not an appropriate use of jurisdictional discovery. *See RMS Titanic, Inc.*, 579 F. App'x at 790; *see also Wolf*, 683 F. App'x at 792; *Nygård*, 753 F. App'x at 721–22.

There are other requests unrelated to amount-in-controversy as well. For example, Plaintiff requests contact information for any person believing to possess information that Plaintiff colluded with Ms. Dean to create diversity. Doc. 24-1 at 2. Additionally, Plaintiff requests Defendant's communications with the Internal Revenue Service and the Trust's tax returns. Doc. 24-1 at 3. These requests are fishing expeditions—not requests for

specific jurisdictional information. The Court cannot grant discovery under a facade of "jurisdictional discovery" when Plaintiff actually seeks other information. *See Wolf*, 683 F. App'x at 792; *Nygård*, 753 F. App'x at 721–22. The information plaintiff seeks through these discovery requests would not supplement Plaintiff's claim for jurisdiction. *See Id.*

However, a few requests seek information relevant to the amount in controversy. For instance, Plaintiff requests "a copy of the Register of Certificates of Capital Units" of the Trust and "copies of any documents evidencing consideration given for certificates of capital units" issued by the Trust. Doc. 24-1 at 3. Although these requests seek information that may help Plaintiff establish the amount in controversy, the Court still cannot allow jurisdictional discovery.

In *Lowery*, the Eleventh Circuit considered a hypothetical that is on all fours with the present case:

> [W]e begin with the paradigmatic case of a plaintiff filing an original diversity action in federal court. As discussed [above], the party who invokes the jurisdiction of the court has the burden of establishing jurisdiction. Rule 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. Fed. R. Civ. P. 8(a). The plaintiff's factual allegations are subject to Rule 11's command—under pain of sanctions—that the "allegations and other factual contentions have, [or are likely to have following discovery,] evidentiary support[.]" Fed. R. Civ. P. 11(b). By filing the action in federal court, the plaintiff is making a representation that the action belongs before the court. Red C*ab, 303* U.S. at 288, 290 . . . . Because counsel is subject to Rule 11 sanctions, we assume that this representation is made in good faith and that the plaintiff has factual bases for believing that the federal court has jurisdiction to hear the claims.
>
> Despite the plaintiff's representation and our assumption of good faith, if a material element required for either the substantive claim or the court's subject matter jurisdiction is missing from the complaint, the defendant may move to dismiss. . . . [S]hould the plaintiff request leave to conduct discovery

13

> *to support its assertion that the case is properly before the court, the court would deny such a request.* In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so. In deciding if dismissal is proper, a court would look only to the facts as alleged in the complaint and would not waste limited judicial resources by directing its inquiry elsewhere.

483 F.3d at 1216 (emphasis added).

*Lowery* can be read in no other way than to mean the Court should deny jurisdictional discovery here. Plaintiff filed this lawsuit in federal court and, as such, had the burden of establishing subject matter jurisdiction. *See id.* While the Court accepts Plaintiff's representations as true, Plaintiff's Amended Complaint still failed to satisfy the amount-in-controversy requirement, which motivated Defendant to file a Motion to Dismiss. Under *Lowery*, the Court should not reserve ruling on that motion to allow Plaintiff to fish for a jurisdictional basis he was required to have before filing his lawsuit in federal court. *See id.* As such, the Court cannot grant jurisdictional discovery. *See id.*

Finally, the Court notes that allowing Plaintiff another opportunity to amend would be futile. In the withdrawn Report and Recommendation regarding Defendant's first Motion to Dismiss, the Court identified Plaintiff's pleading insufficiency. Doc. 13. It explained that while Plaintiff adequately pleaded his request for $64,000, he failed to show by a preponderance of the evidence that the value of declaratory relief was at least $11,001 and, thus, failed to satisfy § 1332's amount-in-controversy requirement. Doc. 13 at 6. Although the Recommendation alerted Plaintiff as to the pleading issue, Plaintiff immediately responded by filing an Amended Complaint that did not resolve the

14

deficiency. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *Cobb v. Ala. Dept. of Human Res.*, 2010 WL 2079872, at *2 (M.D. Ala. Apr. 30, 2010) ("Although Plaintiff is pro se, she is not entitled to the Court's repeated indulgence of alerting her to deficiencies in her pleadings and granting her leave to amend to correct such deficiencies.").

### IV.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS:

1. Defendant's Motion to Dismiss (Doc. 20) be GRANTED.
2. Plaintiff's Motion for Leave to Serve Limited Discovery to Defendant Regarding Jurisdiction (Doc. 24) be DENIED.

Further, it is ORDERED that, **by January 18, 2023**, the Parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of January, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE