IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN H. BYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-cv-696-RAH-KFP |
| | ) |
| MAGGIE ADAMS 1, an Alabama Business Trust | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

Plaintiff Steven H. Byle filed a *pro se* action seeking a declaratory judgment against Defendant Maggie Adams 1 (MA1), and later filed an Amended Complaint. MA1 filed a *Motion to Dismiss the Amended Complaint* on August 1, 2022. (Doc. 20.) On January 4, 2023, the Magistrate Judge recommended that the *Motion to Dismiss* be granted for want of subject matter jurisdiction, specifically finding that the Plaintiff failed to satisfy the amount-in-controversy requirement to establish diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 30.) The Magistrate Judge also recommended that the Plaintiff's *Motion for Leave to Serve Limited Discovery to Defendant Regarding Jurisdiction* be denied. (*Id.*) On January 19, 2023, the Plaintiff filed *Objections to the Recommendation of the Magistrate Judge*, while also filing a *Motion to be Heard* and a *Motion for the Judge to Take Additional Evidence*. (Docs. 32, 33, 34.) The Court has independently reviewed the file and reviewed, *de*

*novo*, the Objections and Recommendation. *See* 28 U.S.C. § 636(b). Upon this Court's review and consideration of the arguments set forth in the Objections, and for the reasons that follow, the Court agrees with the Magistrate Judge's findings and analysis, except to the extent that the Magistrate Judge recommended dismissal *with* prejudice.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## DISCUSSION

The Plaintiff objects to the Magistrate Judge's conclusion that he has failed to establish that the Court has subject matter jurisdiction, arguing that the Magistrate Judge improperly went outside the four corners of his Amended Complaint to determine that he does not sufficiently plead the amount in controversy to establish diversity jurisdiction over this matter. (Doc. 32.) The Plaintiff also seeks to present additional evidence to support his argument that his Amended Complaint sufficiently pleads the requisite facts to establish diversity jurisdiction in this matter. (Docs. 33, 34.)[1] The Court finds that the Magistrate Judge engaged in the proper analysis of the Amended Complaint and correctly concluded that the Plaintiff has failed to carry his burden to establish that this matter meets the requirements for diversity jurisdiction.

Generally, federal district courts have original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The general rule is that diversity jurisdiction is determined "at the time of filing the complaint." *PTA-FLA, Inc. v. ZTE ISA, Inc.*, 844 F.3d 1299 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)). "The burden for establishing

---

[1] The Court will construe the Plaintiff's *Motion to be Heard* and *Motion for Judge to Take Additional Evidence* as a single motion seeking leave to submit additional evidence for consideration.

federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

"A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted). Generally, dismissal is appropriate only if it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Jones v. Landry*, 387 F.2d 102, 104 (5th Cir. 1967) ("In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" (citation omitted)).[2] However, in a case where the plaintiff seeks declaratory or injunctive relief, and jurisdiction is based on a claim for indeterminate damages, *Red Cab*'s "'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *McKinnon Motors*, 329 F.3d at 807 (citation omitted).

The Court agrees with the Magistrate Judge's analysis as to whether the Plaintiff has met the amount-in-controversy requirement. The Magistrate Judge

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

accepted that the Plaintiff adequately pled that he seeks $64,000 in legal bills and expenses through this matter.  As to whether the declaratory relief sought would close the gap on the amount-in-controversy requirement, the Magistrate Judge went through the Amended Complaint in painstaking detail to determine whether the declaratory relief Plaintiff seeks would allow for him to establish by a preponderance of the evidence that its value would exceed the $11,000 requirement.  The Magistrate Judge also properly placed the burden on the Plaintiff to show that he can properly assert jurisdiction in this Court and accordingly should not be granted leave to conduct discovery as to jurisdiction.  The Plaintiff's objections are due to be overruled.

The Court, however, disagrees with the Magistrate Judge that the Amended Complaint should be dismissed with prejudice.  "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted).  Since the Magistrate Judge recommended dismissal for a lack of diversity jurisdiction, the Court must and will dismiss the Amended Complaint without prejudice.

The Court wishes to emphasize that the Magistrate Judge held a hearing on this matter and took proper judicial notice to try to ascertain what the Plaintiff meant when he valued shares of the trusts at issue in terms of capital units, and properly

5

concluded that the Plaintiff failed to establish sufficient facts to show that the declaratory judgment would be valued at an amount greater than $11,000. The Plaintiff even filed an Amended Complaint which the Magistrate Judge noted contained many of the same defects as the original Complaint. The Plaintiff has had sufficient opportunity to present evidence as to the amount-in-controversy requirement before the Court. His motions for leave to present additional evidence are due to be denied.

## CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Objections (Doc. 32) are OVERRULED.

2. The Plaintiff's *Motion to be Heard* (Doc. 33) and the Plaintiff's *Motion for Judge to Take Additional Evidence* (Doc. 34) are DENIED.

3. The Recommendation (Doc. 30) to the extent that it grants the Defendant's *Motion to Dismiss* (Doc. 20) and denies the Plaintiff's *Motion for Leave to Serve Limited Discovery to Defendant Regarding Jurisdiction* (Doc. 24) is ADOPTED. To the extent the Recommendation counsels dismissal of the Plaintiff's Amended Complaint with prejudice (Doc. 14), it is DENIED.

4. The *Motion to Dismiss* (Doc. 20) is GRANTED.

5. The *Motion for Leave to Serve Limited Discovery to Defendant Regarding Jurisdiction* (Doc. 24) is DENIED.

6. This case is dismissed without prejudice.

DONE, on this the 9th day of March, 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE